UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-008-FDW
(3:08-cr-97-FDW-1)

| | |
|---|---|
| KELVIN GERARD MOSS, )<br>)<br>)<br>Petitioner, )<br>)<br>) | **ORDER** |
| vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Respondent. )<br>_____ \_\_\_\_\_ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response to Petitioner's Motion to Vacate, (Doc. No. 8).

I.  **BACKGROUND**

On September 24, 2008, the Grand Jury for the Western District of North Carolina returned a superseding indictment charging Petitioner with armed bank robbery, and aiding and abetting the same, in violation of §§ 2113(a), 2113(d), and 2; using and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1); and escaping from a community corrections center, in violation of 18 U.S.C. §§ 751(a) and 4082. (Criminal Case No. 3:08cr97, Doc. No. 34). Before trial, the Government filed a notice of intent to seek enhanced penalties, pursuant to 21 U.S.C. § 851 and 18 U.S.C. § 3559(c)(4), based on three prior felony convictions. (Id., Doc.

1

No. 59, Amended Information). On January 14, 2009, a jury convicted Petitioner on all four counts in the superseding indictment. (Id., Doc. No. 65: Jury Verdict).

In the presentence report ("PSR"), the probation officer advised that, consistent with the Government's notice to seek enhanced penalties, Petitioner faced mandatory life sentences for the armed bank robbery and firearms convictions, pursuant to the "three strikes" provision of 18 U.S.C. § 3559(c). (Id., Doc. No. 78 at 16: PSR). The prior felony convictions on which the mandatory life sentences were based included a 1992 North Carolina conviction for breaking and entering a dwelling, a 1994 North Carolina conviction for second-degree murder, and a 1995 federal conviction for conspiracy to possess with the intent to distribute powder and crack cocaine. (Id., Doc. No. 78 at 9; 11).

On October 5, 2010, this Court sentenced Petitioner to concurrent life sentences for the bank robbery and felon in possession of a firearm convictions, a consecutive life sentence for the use and carry of a firearm in furtherance of a crime of violence conviction, and a five-year concurrent sentence for the escape conviction. (Id., Doc. No. 92 at 2: Judgment). The Court entered judgment on October 20, 2010, and Petitioner filed a timely notice of appeal. (Id., Doc. No. 92: Judgment; Doc. No. 94: Notice of Appeal). On September 7, 2011, the Fourth Circuit issued an unpublished, per curiam opinion affirming Petitioner's conviction and sentence. United States v. Moss, 445 Fed. App'x 632 (4th Cir. 2011). Petitioner then filed a petition for a writ of certiorari with the Supreme Court, which petition the Court denied on January 17, 2012. Moss v. United States, 132 S. Ct. 1131 (2012).

On January 7, 2013, Petitioner filed the timely instant motion to vacate, in which he alleges seven ineffective assistance claims against his trial and appellate counsel. Specifically,

Petitioner claims that his attorneys were ineffective for (1) failing to challenge the sufficiency of the indictment; (2) failing to move to sever the escape count from the remaining counts; (3) failing to file a motion to suppress statements Petitioner made after his arrest; (4) failing to object to the Government's opening statement; (5) agreeing to stipulations regarding phone records and the firearm possession issue; (6) failing on appeal to challenge Petitioner's enhanced sentence in light of Simmons; and (7) failing to file a petition for a writ of certiorari with the Supreme Court. See (Doc. No. 1-3).

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the Government's Response, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

**A. Defense Counsel's Failure to Object to the Indictment**

In his first claim in the petition, Petitioner claims that defense counsel rendered ineffective assistance by failing to object to the indictment on two grounds. First, Petitioner contends that the indictment was defective for failing to specify the type of firearm used by Petitioner. This contention is without merit. Contrary to Petitioner's assertion, the type of firearm is not an essential element of either crime and, therefore, need not be alleged in the indictment. See United States v. Redd, 161 F.3d 793, 796 n.2 (4th Cir. 1998) (holding that the "type of gun is not an essential element of the offense [of use of firearm during a crime of violence]"). "'[R]ather it is sufficient that the government prove that the defendant carried any firearm.'" United States v. Jones, 38 Fed. App'x 840, 846 (4th Cir. 2002) (quoting United States v. Robison, 904 F.2d 365, 368-69 (6th Cir. 1990)). Because the indictment properly alleged the essential elements of the offenses, any objection by defense counsel would have been futile.

Petitioner next contends that trial counsel was ineffective for failing to object to the fact that

4

the Court disclosed to the jury Petitioner's prior felony offenses in connection with the felon-in-possession count. Petitioner cites the Supreme Court's decision in Old Chief v. United States, 519 U.S. 172 (1997), in support of this claim. In Old Chief, the Supreme Court held that when a defendant stipulates to his felony status in a case involving an alleged violation of § 922(g)(1), the Government is precluded from offering other evidence to prove the prior conviction. Id. at 191. Here, the superseding indictment listed Petitioner's prior felony convictions, including the 1992 breaking and entering conviction, the 1994 second-degree murder conviction, and the 1995 conviction for possession with intent to distribute. Before trial, Petitioner stipulated that he had previously been convicted of one or more felony crimes punishable by more than a year in prison. During jury instructions, the Court read the indictment, as written, with Petitioner's prior felony offenses enumerated. See (Criminal Case No. 3:08-cr-97, Doc. No. 103 at 138-39: Trial Tr.).

Even if the Court erred in reading the un-redacted indictment to the jury, Petitioner's ineffective assistance of counsel claim fails because Plaintiff cannot satisfy the prejudice prong. Because Petitioner elected to testify, this Court properly allowed the Government to cross-examine Petitioner about his prior felony convictions based on his testimony during direct examination and consistent with Rule 609 of the Federal Rules of Evidence. See (Id., Doc. No. 103 at 57: Tr. Transcript). Thus, the jury was already aware of each of the felony convictions listed in the indictment. Petitioner is therefore unable to show that any error associated with the reading of the un-redacted indictment resulted in prejudice. Furthermore, this Court instructed the jury that the indictment was not evidence. (Id., Doc. No. 103 at 128: Tr. Transcript; see United States v. Dortch, 696 F.3d 1104, 1111 (11th Cir. 2012) (holding that any error in the

5

submission of an un-redacted indictment listing the defendant's prior felony convictions where defendant had stipulated that he was a felon for purposes of § 922(g)(1) was harmless in light of "the instructions by the district court to the jury that the indictment was not evidence of guilt and the strength of the evidence"). In sum, Petitioner's first claim fails.

**B. Defense Counsel's Failure to Move to Sever the Escape Count from the Bank Robbery and Firearm Counts**

Next, Petitioner contends that defense counsel was ineffective for failing to move to sever the escape count from the bank robbery and firearm counts. Rule 8 of the Federal Rules of Criminal Procedure permits the joinder of offenses in a single indictment where "the offenses charged . . . are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM P. 8(a). The Fourth Circuit has instructed that this language should be interpreted "flexibly" so long as the "joined offenses have a 'logical relationship' to one another." United States v. Mouzone, 687 F.3d 207, 219 (4th Cir. 2012) (quoting United States v. Cardwell, 433 F.3d 378, 384-85 (4th Cir. 2005)). Furthermore, the Fourth Circuit will not require joined counts to be severed absent a showing of clear prejudice. Id.

Here, Petitioner's escape count was properly joined with the bank robbery and firearm counts because it arose from the same acts or transactions, and all of the offenses were connected. As alleged by the indictment, and as the evidence at trial demonstrated, Petitioner escaped from the custody of the McLeod Community Corrections Center on the same day he committed the armed bank robbery. As such, the evidence required to prove all of the counts alleged in the indictment related to the same acts committed by Petitioner that day. Because the escape count was properly joined with the other counts, any motion to sever filed by defense counsel would have

6

been unsuccessful. Furthermore, Petitioner is unable to establish the "clear prejudice" required to support a claim of misjoinder, as there was "ample evidence to support each count" and Petitioner fails "to cite any specific indicia of prejudicial effect." See id. at 219. In sum, Petitioner's second claim fails.

**C. Defense Counsel's Failure to Move for the Suppression of Statements Made Outside the Presence of an Attorney**

Next, Petitioner claims that defense counsel was ineffective by failing to move for the suppression of "statements made outside the presence of an attorney; when the defendant clearly asked for an attorney and when the Investigators . . . failed to instruct the defendant of his Miranda Rights." (Doc. No. 1 at 6). Petitioner's claim fails. The Fourth Circuit has explained that "statements obtained in violation of Miranda can be used to impeach a witness." United States v. Khan, 461 F.3d 477, 497 (4th Cir. 2006). The only time that "un-Mirandized" statements would not be admissible for impeachment is if the statements were also made involuntarily. Id. "For the statements to be off limits to cross-examination as 'involuntary,' the facts would have to show that they were not 'the product of a rational intellect and a free will.'" Id. (quoting Mincey v. Arizona, 437 U.S. 385, 398 (1978)). Petitioner fails to allege any facts showing that the allegedly un-Mirandized statements were obtained involuntarily. Here, because the Government only sought to introduce Petitioner's statements for impeachment purposes during cross-examination, there were no grounds for suppression. In sum, Petitioner's third claim fails.

**D. Defense Counsel's Failure to Object to a Number of Statements Made by the Government During Opening Argument**

Next, Petitioner contends that his attorney rendered ineffective assistance by failing to object to a number of statements made by the Government in opening. A review of the Government's statement, however, shows that the prosecutor properly limited his remarks to a summary of what the evidence would show. (Doc. No. 101 at 15-21: Trial Tr.). Remarks by a prosecutor during opening statement will only lead to reversal if the remarks improperly and prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial. United States v. Brockington, 849 F.2d 872, 875 (4th Cir. 1998), overruled on other grounds, Bailey v. United States, 516 U.S. 137 (1995). Here, defense counsel's failure to object to the Government's opening statement did not constitute ineffective assistance where the statements about which he complains were not improper and did not result in prejudice. Accordingly, Petitioner is unable to satisfy either prong of his ineffective assistance of counsel claim. In sum, Petitioner's fourth claim fails.

**E. Defense Counsel's Alleged Ineffective Assistance of Counsel Based on Stipulating to Certain Facts Before Trial**

Petitioner next contends that defense counsel provided ineffective assistance by stipulating to certain facts before trial. Before trial, defense counsel stipulated that certain phone records obtained by the Government were authentic and that the shotgun recovered at the scene was operable and had traveled in interstate commerce. Petitioner contends that defense counsel's strategic decision to agree to the stipulations violated his constitutional right to effective representation. In support of his claim, Petitioner argues that had defense counsel not entered into the stipulation the Government would have been required to call an expert to establish those facts. Petitioner does not argue, however, that the phone records and shotgun were inadmissible

8

or that the Government would have otherwise been unable to establish the facts to which defense counsel stipulated. Thus, Petitioner has failed to allege any prejudice. In sum, Petitioner's fifth claim fails.

   F. **Appellate Counsel's Failure to Raise a Claim under <u>Simmons</u>**

Next, Petitioner contends that appellate counsel was ineffective for failing to raise a claim under the Fourth Circuit's en banc decision in <u>United States v. Simmons</u>, 649 F.3d 237, 247 (4th Cir. 2011), where the Fourth Circuit held that, for purposes of the enhanced sentencing provisions of the Controlled Substances Act, an offense is considered a felony only if the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act. In so doing, the Fourth Circuit overturned its earlier decisions in <u>United States v. Jones</u>, 195 F.3d 205 (4th Cir. 1999), and <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), in which the court had held that an offense is punishable by more than one year in prison as long as <u>any defendant</u> could receive a term of imprisonment of more than one year upon conviction for that offense. <u>See</u> <u>Simmons</u>, 649 F.3d at 247.

Relying on <u>Simmons</u>, Petitioner contends that he received ineffective assistance on appeal based on his attorney's failure to challenge this Court's reliance on his 1992 breaking and entering conviction when it calculated Petitioner's sentence under the "three-strikes" provision of 18 U.S.C. § 3559(c). Petitioner's 1992 conviction, however, predated the passage of the North Carolina Structured Sentencing Act. N.C. GEN. STAT. § 15A-1340.10 (explaining that structured sentencing applies to offenses occurring on or after October 1, 1994). Petitioner could have received, and in fact did receive, a sentence in excess of one year for that conviction. (Criminal Case No. 3:08-cr-97, Doc. No. 78 at 10 (noting that Petitioner received a three-year

9

suspended sentence). Therefore, Petitioner's breaking and entering conviction properly counted as a serious violent felony for purposes of § 3559(c), and any claim for relief by appellate counsel under Simmons would have been unavailing. In sum, Petitioner's sixth claim fails.

G. **Appellate Counsel's Failure to File a Petition for Writ of Certiorari with the Supreme Court**

Next, Petitioner contends that appellate counsel rendered ineffective assistance of counsel by failing to file a petition for writ of certiorari with the Supreme Court. Contrary to Petitioner's assertion, appellate counsel filed a petition for a writ of certiorari, which the Supreme Court subsequently denied. Because Petitioner's claim is directly contradicted by the facts, the Government is entitled to judgment as a matter of law. In sum, Petitioner's seventh claim fails.

IV. **CONCLUSION**

For the reasons stated herein, the Court will dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: April 24, 2013

Frank D. Whitney
United States District Judge